UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ALBERT T. OWENS, JR.,

    Plaintiff,

v.  Case No. 5:20-cv-148-RV/MJF

C. Harrell, *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Albert T. Owens, a prisoner proceeding *pro se*, brought this action under 42 U.S.C. § 1983, claiming that several correctional officers violated his constitutional rights. For the reasons set forth below, the undersigned recommends that this case be dismissed pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), for maliciousness and abuse of the judicial process.[1]

### I. Background

On May 18, 2020, Owens commenced this action alleging that various Defendants violated his constitutional rights. On June 10, 2020, Owens filed a first amended complaint. (Doc. 4). On June 12, 2020, the undersigned directed Owens to

---

[1] This case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

amend his complaint and to use the court-approved form for civil actions brought pursuant to 42 U.S.C. § 1983. On June 29, 2020, Owens filed a motion for leave to file a second amended complaint and the proposed second amended complaint.[2] (Docs. 11, 12). On July 20, 2020, Owens complied with the court order and filed a second amended complaint on the court-approved form. (Doc. 14).

## II. Discussion

The undersigned recommends dismissal of this action without prejudice because Plaintiff has failed to disclose his complete litigation history.

Under the PLRA, a federal court is required to screen complaints filed by prisoners to determine whether the action is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A; *see also* 28 U.S.C. § 1915(e)(2)(B) (analogous screening provision of *in forma pauperis* statute). Under the *in forma pauperis* status, the court "*shall dismiss the case at any time* if the court determines that" a prisoner complaint is malicious. 28 U.S.C. § 1915(e)(2) (emphasis added).

---

[2] On June 29, 2020, Owens also filed a second action against several Defendants alleging that these Defendants had continued to engage in misconduct. *Owens v. Fernandez*, 5:20-cv-178-TKW-MJF (N.D. Fla. June 29, 2020) (Doc. 1). Because the cases presented the same questions of facts and law, were initiated by Owens, and involved a continuation of the same events in this case, the court consolidated these two civil actions. *Id.* at (Doc. 6).

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history constitutes abuse of the judicial process warranting dismissal of the case as "malicious." *See* 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (holding that dismissal of an action without prejudice as a sanction for a *pro se* prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, was proper), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *see also, e.g.*, *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (holding that dismissal of prisoner-plaintiff's case for abuse of the judicial process under 28 U.S.C. § 1915A(b)(1) was warranted where the prisoner failed to disclose cases he previously filed); *Harris v. Warden*, 498 F. App'x 962, 964-65 (11th Cir. 2012) (same); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132-33 (11th Cir. 2012) (same).

### A.   <u>Owens's Disclosures</u>

The complaint form utilized by Owens asks four questions regarding prior litigation. In response to Question B, Owens responded that he had initiated "other

actions in **federal court** dealing with the same or similar facts/issues involved in this action." (Doc. 14 at 4) (emphasis in original).

Question C asked if Owens had filed any "other actions (besides those listed above in Questions (A) and (B)) in **either state or federal court** that relate[d] to the fact or manner of [his] incarceration . . ." (*Id.* at 5). Owns acknowledged that he had filed such actions.

Question D asked if Owens had any federal actions dismissed as frivolous, malicious, or for failing to state a claim. (*Id.*). He responded affirmatively. Based on Owens's responses to his complaint, it is clear he has filed several state and federal cases.

At the end of the civil rights complaint form, Owens signed his name after the following statement: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENT OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT**." (*Id.* at 50) (emphasis in original).

B.   **Owens's Failure to Disclose at Least Four Cases**

After reviewing Owens's complaints,[3] it is clear that Owens omitted several cases in his disclosure of his litigation history. In particular, the court takes judicial

---

[3] Although Plaintiff's Second Amended Complaint, (Doc. 14), is the operative pleading in this case, the undersigned reviewed each iteration of Plaintiff's

notice that, at the time Owens filed his second amended complaint in this case, Owens had initiated a federal civil action which he should have listed in response to Question C:

- *Owens v. Dep't of Corr.*, No. 1:11-cv-23335-KMM (S.D. Fla. Sept. 14, 2011).

In addition to the federal case mentioned above, Owens filed state civil actions that he should have listed in response to Question C. For example, Owens failed to disclose the following state civil actions:

- *Owens v. Kye*, No. 2018-SC-91 (Wakulla Cty. Ct. May 17, 2018);

- *Owens v. Gay*, No. 2017-SC-176 (Wakulla Cty. Ct. Dec. 20, 2017); and

- *Owens v. Corizon Health*, No. 2017-CA-83 (Union Cty. Ct. Nov. 30, 2017).

These cases are attributable to Owens insofar as they bear his Department of Correction inmate number: 193166.

In his complaints, Owens claimed that he was not attempting to mislead the court. Rather, he claims that his legal documents had been confiscated and he could not remember all his cases. Owens, however, commenced this action on May 18, 2020. He amended his complaint at least twice.[4] Despite these subsequent amendments and his knowledge that cases may have been omitted, Owens never

---

complaint filed by Plaintiff in this case and the consolidated case 5:20-cv-178 to ensure there was an accurate accounting of Plaintiff's litigation history.

[4] Plaintiff also filed an amended complaint in the consolidated case.

indicated that he asked the clerks of the respective courts for his prior case history. He also does not indicate that he undertook any effort to ensure that his responses to the questions on the complaint form were truthful and complete. Rather, he cavalierly admits that he cannot remember all his cases and acknowledges that some cases may have been omitted. Merely including the proviso: "I know that I'm not disclosing my complete litigation history," does not absolve a litigant of his duty to make reasonable efforts to disclose his litigation history. Owens has not demonstrated that he made reasonable efforts in this case.

Furthermore, the three state cases noted above were filed relatively recently (2017 and 2018). The undersigned finds it incredible that Owens could not recall that he had filed those actions.

C.  **The Materiality of Owens's Omissions**

Courts have recognized that information regarding a plaintiff's litigation history is useful to the court:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

*Spires v. Taylor*, No. 3:00-cv-249-RH (N.D. Fla. Oct. 27, 2000) (Order of Dismissal). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous . . . ." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). "Every lawsuit filed, no matter how frivolous or repetitious, requires the investment of court time . . . ." *Procup*, 792 F.2d at 1072.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup*, 792 F.2d at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984). Similarly, courts have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to divulge their record of litigation serves all of these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts are well within their discretion to require *in forma pauperis* prisoner litigants to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them").

Additionally, because prisoner-plaintiffs generally proceed *pro se*, the information helps the court determine the plaintiff's litigation experience and

Page 7 of 11

familiarity with the legal terrain. The time spent verifying the cases a plaintiff has filed but failed to identify can be considerable.[5]

When courts cannot rely on the statements or responses made by parties, the quality of justice is threatened. Courts, therefore, cannot tolerate false or misleading responses in pleadings or motions. Here, Owens falsely responded to questions on the complaint form as detailed above. Owens knew from reading the complaint form that disclosure of **all prior civil cases was required**. The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE." (Doc. 14 at 4).

A penalty is warranted both to deter Owens from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp. 1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer to the questions on the civil rights complaint form is conduct subject to sanctions by the court.").

**D.    The Appropriate Sanction is Dismissal Without Prejudice**

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal."

---

[5] This is true when a plaintiff is as litigious as Mr. Owens, who has filed nearly 200 cases in both state and federal courts.

*Sears*, 509 F. App'x at 936. The court should not allow Owens's false responses to go unpunished. If Owens suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. An appropriate sanction for Owens's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice.[6] *See Rivera*, 144 F.3d at 731; *see also, e.g., Reynolds v. Lowery*, No. 18-10856-F, 2018 WL 4206932, *1 (11th Cir. Aug. 8, 2018) (holding that "the district court did not abuse its discretion in dismissing" the prisoner-plaintiff's "complaint as malicious, based on his failure to accurately disclose his prior litigation history"); *Schmidt v. Navarro*, 576 F. App'x 897, 899 (11th Cir. 2014) (same).

No lesser sanction would suffice to deter this type of conduct. For example, providing Owens an opportunity to amend his complaint to disclose the previous lawsuits would equate to overlooking his mendacity and abuse of the judicial process,

---

[6] Courts must consider whether a dismissal without prejudice would effectively be with prejudice because of the statute of limitations. *Stephenson v. Warden*, 554 F. App'x 835, 838 (11th Cir. 2014). Generally, the statute of limitations for claims under § 1983 of the type alleged by Owens is four years. *Id.* ("The statute of limitations for § 1983 claims is governed by the forum state's residual personal injury statute of limitations, which in Florida is four years."). Owens alleges the incidents in his complaint occurred between May through June 2018. Thus, the statute of limitations likely would not bar Owens from refiling this action until 2022.

because that course of action would entail no penalty.[7] *See Hood*, 197 F. App'x at 819. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants. *Johnson v. Crawson*, No. 5:08-cv-300/ES/EMT, 2010 WL 1380247, at *2 (N.D. Fla. 2010). Insofar as Owens is already incarcerated, a mere admonition or a finding of contempt would not deter Owens or other prisoners from making false representations to the court. Dismissal without prejudice would serve as a warning to Owens and others that future misrepresentations to courts might result in **more substantial sanctions** for their untruthfulness. *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (noting that a plaintiff's misrepresentation about previous lawsuits may violate Rule 11).

### III.   Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This case be **DISMISSED** without prejudice, pursuant to 28 U.S.C. §§ 1915(A)(b)(1) and 1915(e)(2)(B)(i), for maliciousness and abuse of the judicial process.

---

[7] Additionally, Owens has also already amended his complaint several times and failed to provide his complete litigation history and failed to take any action to discover his full litigation history.

2.       The clerk of the court be directed to enter judgment accordingly and close this case.

At Panama City Beach, Florida this 23rd day of September, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-notice documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they may be heard in an objection to this report and recommendation.**